ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 APR -3 PM 2:53

DEPUTY CLERK _____

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SUSAN DE SESSA,<br><br>Plaintiff,<br><br>v.<br><br>DALLAS COUNTY HOSPITAL DISTRICT d/b/a PARKLAND HEALTH AND HOSPITAL SYSTEM,<br><br>Defendant. | Civil Action No. 3:17-CV-1782-K<br><br>FILED IN SEALED CASE |

## UNITED STATES OF AMERICA'S MOTION TO PARTIALLY DISMISS RELATOR DE SESSA'S COMPLAINT

The United States of America respectfully moves to dismiss the claims asserted on its behalf in Relator Susan De Sessa's Complaint pursuant to the False Claims Act, 31 U.S.C § 3730(c)(2)(A), which allows the United States to seek dismissal of a complaint as a matter of prosecutorial discretion. *See, e.g., United States ex rel. Gal-Or v. Northrop Grumman*, No. 4:17-cv-00139-O (N.D. Tex. Oct. 26, 2017) (O'Connor, J.) (Dkt. No. 44). Here, dismissal is appropriate because the United States has determined that Relator's allegations lack merit and do not justify further expenditure of taxpayer resources.

### INTRODUCTION

On July 6, 2017, Relator De Sessa filed a complaint pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (FCA). The FCA authorizes a *qui tam* action where a

private party, the relator, brings suit to recover damages allegedly suffered by the United States due to fraudulent or false statements. 31 U.S.C. § 3730(b).

In her Complaint, Relator alleges that Defendant received federal funding for an 1115 Waiver project intended to reduce healthcare-associated infections. (Complaint at 3.) Relator claims that while this project was in place, Defendant's management implemented practices and procedures to manipulate and falsify the number of infections reported to the government in order to receive achievement-based payments. *Id.* Relator also claims that Defendant failed to comply with certain Medicare conditions of participation. (*Id.* at 16-18.)

Relator asserts two causes of action in her Complaint. First, Relator alleges that Defendant knowingly presented fraudulent claims, records, and statements to the government in order to obtain Medicare and Medicaid funding. In particular, Relator asserts that Defendant failed to accurately report certain Hospital Acquired Infections (HAIs) for purposes of grant payments under an 1115 Waiver Program (Count 1). Relator also alleges that Defendant retaliated against her for reporting and investigating Defendant's alleged submission of false claims (Count 2). Only Count 1 asserts claims on behalf of the United States. As such, the United States only moves for dismissal of Count 1.

## AUTHORITIES AND ARGUMENT

### A. The False Claims Act

The False Claims Act authorizes the imposition of civil penalties and treble damages against those who commit fraud against the United States. It imposes civil liability upon "any person" who, *inter alia*, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). Suits to enforce the FCA may be brought by the Attorney General pursuant to 31 U.S.C. § 3730(a), or by a relator who files suit on behalf of the United States. 31 U.S.C. § 3730(b)(1). After a relator files suit, the government may elect to intervene and proceed with the action. 31 U.S.C. § 3730(b)(2), (b)(3), (b)(4). The United States may also exercise its authority to seek a dismissal of a *qui tam* complaint as a matter of prosecutorial discretion under 31 U.S.C. § 3730(c)(2)(A).

**B. Section 3730(c)(2)(A) permits the United States to move for dismissal of claims asserted on its behalf under the False Claims Act.**

The United States seeks dismissal of the claims asserted on its behalf in Count 1 of Relator De Sessa's complaint. Pursuant to 31 U.S.C. § 3730(c)(2)(A), the "Government may dismiss [a *qui tam*] action notwithstanding the objections of the [relator] if the [relator] has been notified by the Government of the filing of the motion and the court has provided the [relator] with an opportunity for a hearing on the motion." The Fifth Circuit has stated that the United States retains unilateral authority to seek dismissal in *qui tam* actions. *See Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753 (5th Cir. 2001).

Although the Fifth Circuit has indicated that the government retains significant discretion in this regard, it has not established a standard for district courts to evaluate motions to dismiss under section 3730(c)(2)(A). Other circuit courts have applied either an "absolute discretion" standard or a "rational relation" test, both of which are highly deferential to the government. This Court has previously applied the "absolute discretion" standard, which does not require the court to review the basis for the government's decision. *See United States ex rel. Gal-Or v. Northrop Grumman*, No. 4:17-cv-00139-O (N.D. Tex. Oct. 26, 2017) (O'Connor, J.) (Dkt. No. 44) (hereafter, the *Gal-Or* Order).

1. The "Absolute Discretion" Standard

In *United States ex rel. Gal-Or v. Northrop Grumman*, this Court held that it need not "make a determination as to whether the Government's decision in seeking dismissal of this *qui tam* action is well-founded and reasonable." *Gal-Or* Order at 3. In its analysis, the court stated that "the decision to bring an action on behalf of the United States is a 'decision generally committed to [the government's] absolute discretion.'" *Id.* at 4 (citation omitted). And "[n]othing in the language of § 3730(c)(2)(A) suggests anything less than affording the Executive its historical prerogative to decide which cases are prosecuted in the name of the United States." *Id.* Accordingly, the court found the government was permitted to exercise its prosecutorial discretion under the FCA, and it dismissed the *qui tam* suit without further inquiry. *Id.*

The *Gal-Or* court's analysis relied on the D.C. Circuit's approach in *Swift v. United States*, 318 F.3d 250 (D.C. Cir.), *cert. denied*, 539 U.S. 944 (2003). In *Swift*, the D.C. Circuit likened a government motion for dismissal under section 3730(c)(2)(A) to a decision not to prosecute, which is unreviewable, and further stated the "decision whether to bring an action on behalf of the United States is . . . generally committed to the government's absolute discretion." *Id.* at 252-53 (internal quotation marks omitted). Because nothing in the FCA purports to alter the Executive Branch's "historical prerogative to decide which cases should go forward in the name of the United States," the government need not articulate its reasons for dismissing a non-intervened *qui tam* suit. *See id.*; *see also United States ex rel. May v. City of Dallas*, No. 3:13-cv-4194-N-BN, 2014 U.S. Dist. LEXIS 152322, at *7 (N.D. Tex. Sept. 25, 2014), *adopted by and dismissed by* 2014 U.S. Dist. LEXIS 151509 (Oct. 27, 2014) ("The *Swift* court makes a compelling case that the United States should not be compelled to permit a relator to sue on its behalf and that the statutory language does not require — or even permit — judicial review of this discretionary decision.").

2. The "Rational Relation" Test

Unlike the D.C. Circuit's "absolute discretion" standard, the Ninth Circuit evaluates whether there is a rational relation between dismissal and a valid government purpose. *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998); *but see Swift*, 318 F.3d at 252 ("We hesitate to adopt the

*Sequoia* test. . . . [W]e cannot see how § 3730(c)(2)(A) gives the judiciary general oversight of the Executive's judgment in this regard."). The so-called *Sequoia* test is also highly deferential to the government. The government need only show that its decision to dismiss a case is neither arbitrary nor irrational. *See id.* at 1145-46. But unlike the absolute discretion standard, the *Sequoia* test provides limited judicial review of the government's decision to seek dismissal.

### C. The Court should apply the "absolute discretion" standard, but dismissal is appropriate under either standard.

The United States urges the Court to apply the "absolute discretion" standard set forth in *Gal-Or*. *See Gal-Or* Order at 4; *see also Swift*, 318 F.3d at 252 (recognizing the government's "unfettered right to dismiss" a *qui tam* action). This approach is consistent with the Fifth Circuit's statement that "the government retains the unilateral power to dismiss an action 'notwithstanding the objections of the [relator].'" *Riley*, 252 F.3d at 753. But even if this Court were to apply the *Sequoia* test, dismissal is appropriate.

Here, the United States requests dismissal of Count 1 of the Complaint because it has determined that Relator's allegations lack merit under the False Claims Act, to avoid expending further taxpayer resources, and because Relator cannot proceed *pro se* on the Government's behalf. First and foremost, the United States requests dismissal of the claims asserted on its behalf because it has determined that they lack merit. Relator alleges that Defendant failed to properly report Hospital Acquired Infections to HHS in

connection with an 1115 Waiver Program. But the government found that the infections that Defendant allegedly failed to report were not reportable infections for purposes of the 1115 Waiver Program and would not have impacted the payments to Defendant under the program. Accordingly, the United States has determined that Relator's claims are meritless.

The Government further requests dismissal of the claims asserted on its behalf to avoid expending taxpayer resources on a meritless claim. As the magistrate judge concluded in *May*, "avoiding being a party to a meritless lawsuit" is a valid governmental purpose that is "rationally related to dismissing the action." 2014 U.S. Dist. LEXIS 152322, at *7. Moreover, because preserving resources and avoiding litigation costs represent valid government interests, the government may rationally seek dismissal of an action even where the allegations may have merit. *See Sequoia*, 151 F.3d at 1146-47 (approving of district court's consideration of "the burden imposed on the taxpayers by its litigation" and "internal staff costs" the government would incur with relator's litigation); *Swift*, 318 F.3d at 254 ("[T]he government's goal of minimizing its expenses is still a legitimate objective, and dismissal of the suit furthered that objective."). Although the government maintains that it is not required to explain the reasons for its decision, it would be rational for the government to conclude that further expenditure of taxpayer resources litigating allegations that do not have merit justifies dismissal.

Finally, the United States also requests dismissal because Relator's counsel has withdrawn from this case, (Order dated February 11, 2019), and *pro se* relators are not eligible to litigate a *qui tam* matter on behalf of the government. *See Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions."). Even if Relator were to retain new counsel, however, it would not affect the government's decision to dismiss the claims asserted by Relator on its behalf.

### D. An evidentiary hearing is not required.

The Court does not need to conduct an evidentiary hearing before ruling on the United States' motion for partial dismissal. In *Swift*, the D.C. Circuit concluded that the relator's right to a hearing "is simply to give the relator a formal opportunity to convince the government not to end the case." 318 F.3d. at 253. But that purpose can be accomplished through briefing. "[T]he hearing requirement is satisfied by allowing the relator an opportunity to submit a response to the motion." *May*, 2014 U.S. Dist. LEXIS 152322, at *7-8; *see also Gal-Or* Order at 3 (finding that the relators had the opportunity to oppose the government's motion through the filing of responsive pleadings). The United States maintains that partial dismissal is appropriate here, and the Court can

satisfy the hearing requirement by allowing Relator the opportunity to submit a response to the government's motion.

The United States also requests that only the Complaint, this Motion to Dismiss, and the Court's accompanying Order be unsealed. The United States asks that all other materials in this matter (including, but not limited to, any applications filed by the United States for an extension of time in which to intervene or for any other reason) remain under seal and not be made public. The United States makes this request because such materials discuss the content of its investigation, and they are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court dismiss with prejudice Count 1 of Relator's Complaint pursuant to 31 U.S.C. § 3730(c)(2)(A). The United States requests that the Court unseal only the Complaint, the Motion to Dismiss, and the Court's accompanying Order.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ Richard J. Guiltinan

RICHARD J. GUILTINAN
Assistant United States Attorney
Texas Bar No. 24074332
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8807
Email: richard.guiltinan@usdoj.gov

Attorneys for the United States of America

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was mailed via regular mail on this 3rd day of April 2019 to:

Susan DeSessa
1433 Amber Court
Burleson, Texas 76028

A courtesy copy of this pleading has also been sent to the following email address: susan.desessa@gmail.com.

/s/ Richard J. Guiltinan

RICHARD J. GUILTINAN

United States of America's Motion for Partial Dismissal - Page 10