IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., DR. SUSAN DE SESSA, an individual, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-CV-1782-K |
| DALLAS COUNTY HOSPITAL DISTRICT d/b/a PARKLAND HEALTH AND HOSPITAL SYSTEM, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is United States of America's Motion to Partially Dismiss Relator De Sessa's Complaint (the "Motion") (Doc. No. 22). Because the Court finds that the Government has the discretion to dismiss a claim brought under 31 U.S.C. § 3730(b) (2012) in this case, the Court **GRANTS** the Motion and hereby **DISMISSES WITH PREJUDICE** Count 1 of Relator Dr. Susan De Sessa's Complaint (Doc. No. 2).

Relator Dr. Susan De Sessa ("Dr. De Sessa") alleges two claims in her Complaint. Dr. De Sessa's first claim is in her capacity as a relator and concerns allegations that Defendant Dallas County Hospital District (the "Hospital") presented fraudulent claims, records, and statements to the government to obtain Medicare and Medicaid funding. Dr. De Sessa alleges in her second claim that the Hospital retaliated

1

against her in response to Dr. De Sessa reporting and investigating the Hospital's alleged false claims. The Government moves to dismiss the first of the two claims, as Dr. De Sessa's retaliation claim is not brought in her capacity as a relator.

In *qui tam* actions alleging violations under the False Claims Act, the Government retains the right to "dismiss [an] action notwithstanding the objections of the person initiating the action." 31 U.S.C. § 3730(c)(2)(A) (2012). The only statutory prerequisites to the Government's exercise of this right are (1) that the relator receives notice of the Government's motion to dismiss the action and (2) that "the court provide[s] the [relator] with an opportunity for a hearing on the motion." *Id.*

As the Government notes in its Motion, the United States Court of Appeals for the District of Columbia Circuit and a court in this District have found that § 3730(c)(2)(A) affords the Government broad discretion to dismiss a claim brought under § 3730(b). *Swift v. United States*, 318 F.3d 250, 251–53 (D.C. Cir. 2003) ("The decision whether to bring an action on behalf of the United States is therefore 'a decision generally committed to [the government's] absolute discretion' for the reasons spelled out in *Heckler v. Chaney*, 470 U.S. at 831, 105 S. Ct. at 1655. The government's discretion to dismiss an action it has already brought may not be absolute, but even then courts presume the Executive is acting rationally and in good faith." (alterations in original)); *United States ex rel. Gal-Or v. Northrop Gruman*, Civ. Action No. 4:17-cv-00139-O, slip op. at 4 (N.D. Tex. Oct. 26, 2017) (O'Connor, J.) (Doc. No. 44) ("Nothing in the language of § 3730(c)(2)(A) suggests anything less than affording the

Executive its historical prerogative to decide which cases are prosecuted in the name of the United States."). According to the D.C. Circuit, the hearing prerequisite of § 3730(c)(2)(A) does not imply that the court should "review . . . the government's reasons for dismissal"; "the function of a hearing when the relator requests one is simply to give the relator a formal opportunity to convince the government not to end the case." *Swift*, 318 F.3d at 253. A court in this District, in accordance with other district courts, has also "found that the hearing requirement is satisfied by giving the relators an opportunity to formally oppose the government's motion to dismiss," which a court can accomplish by allowing the relator to file a response to the Government's motion to dismiss. *See Gal-Or*, slip op. at 3 (citing cases). The only arguable exception to the general rule of affording the Government broad discretion in its decision to dismiss a case is when there is evidence of fraud on the court. *Swift*, 318 F.3d at 253.

This Court adopts the reasoning of *Swift* and *Gal-Or* and finds that the Government has the right to dismiss Count 1 of the Complaint. *See also Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753 (5th Cir. 2001) ("This Court also stated that the government retains the unilateral power to dismiss an action 'notwithstanding the objections of the person.'" (quoting *Searcy v. Philips Elec. N. Am. Corp.*, 117 F.3d 154, 160 (5th Cir. 1997))). Dr. De Sessa concedes that the Government has this right in her response; however, she asks that the Court's dismissal be "without prejudice" so that she may file suit in a different jurisdiction and "strengthen [her] lawsuit" in the interim. The Court declines to dismiss Count 1 without prejudice because allowing Dr.

De Sessa to refile her claim at a later time and in a different jurisdiction defeats the purpose of affording the Government broad discretion under § 3730(c)(2)(A) to exercise "its historical prerogative to decide which cases should go forward in the name of the United States." *See Swift*, 318 F.3d at 253. Dr. De Sessa may still pursue her personal claim for retaliation under § 3730(h). The Court only finds that Dr. De Sessa may not continue to pursue a claim on behalf of the Government when the Government has determined, as is its prerogative, that a case in its name should not proceed.

The Court recognizes that other courts have adopted a "rational relation" test for when the Government may dismiss a case under § 3730(c)(2)(A). *See United States ex rel. Sequoia Orange Co. v. Sunland Packing House Co.*, 151 F.3d 1139, 1145–46 (9th Cir. 1998). "A two step analysis applies here to test the justification for dismissal: (1) identification of a valid government purpose; and (2) a rational relation between dismissal and accomplishment of the purpose." *Id.* at 1145 (quoting *United States ex rel. Sequoia Orange Co. v. Sunland Packing House Co.*, 912 F. Supp. 1325, 1341 (E.D. Cal. 1995)). "If the government satisfies the two-step test, the burden switches to the relator 'to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal.'" *Id.* (quoting *Sequoia Orange Co.*, 912 F. Supp. at 1347). Even if this Court was to adopt this "rational relation" test, the Court finds that the Government has satisfied such test in this case and that Dr. De Sessa has not demonstrated that the sought dismissal is fraudulent, arbitrary and capricious, or illegal.

Because the Court finds that the Government may exercise its discretion to dismiss Count 1 of the Complaint with prejudice in this case, the Court **GRANTS** the Motion. Count 1 of the Complaint is hereby **DISMISSED WITH PREJUDICE**.

Dr. De Sessa does not object to the Government's request to unseal the Complaint, the Motion, Dr. De Sessa's response, the Government's reply, and this Order (Doc. Nos. 2, 22, 24, and 25). The Court therefore **ORDERS** that these filings be unsealed. The remaining filings shall remain under seal. Dr. De Sessa has 90 days from the date of this order to serve the Hospital with a summons and complaint, or this case will be subject to dismissal without prejudice and without further notice, absent good cause shown. FED. R. CIV. P. 4(c)(1), 4(m). If Dr. De Sessa serves the Hospital with a summons and complaint, Dr. De Sessa shall also serve the Hospital with a copy of this Order.

**SO ORDERED.**

Signed May 23rd, 2019.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE