IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, ex rel., SUSAN DE SESSA, an individual <br> PLAINTIFF, <br><br> v. <br><br> DALLAS COUNTY HOSPITAL DISTRICT d/b/a PARKLAND HEALTH AND HOSPITAL SYSTEM <br> DEFENDANT. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-cv-01782-K-BK |

**PLAINTIFF SUSAN DE SESSA'S
RULE 26 INITIAL DISCLOSURES**

TO: Defendant, Parkland Health and Hospital System, by and through its attorneys Sheppard Mullin Law Firm, P.C., 2200 Ross Avenue, 24th Floor, Dallas, Texas 75201.

**COMES NOW**, Susan De Sessa ("Plaintiff"), Plaintiff in the above-entitled and numbered cause, hereby submits these Initial Disclosures pursuant to Rule 26(a)(1)(A) of the FEDERAL RULES OF CIVIL PROCEDURE.

        Respectfully submitted,

        **DR. SUSAN DE SESSA**

By:   */s/ Susan De Sessa*
        **Susan R De Sessa**
        Pro Se
        Email: susan_desessa@hotmail.com
        1433 Amber Court
        Burleson, TX 76028
        (361) 228-5600

        **PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2020, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF filing service.

        */s/ Susan R De Sessa*
        **SUSAN R DE SESSA**

## INTRODUCTORY STATEMENT

These initial disclosures are made in good faith by Plaintiff based on information reasonably available at this time and without the benefit of significant investigation or discovery, which limits the information available. Plaintiff reserves the right to supplement these disclosures if subsequent investigation reveals additional information or the need for revisions to information disclosed. In particular, these disclosures should not be considered to limit Plaintiff's ability to later identify individuals with knowledge of relevant facts or documents as they may become known to Plaintiff through discovery and investigation. At this time, Plaintiff identifies the enclosed information and documents which may be used to support its defense. By identifying such information and documents, Plaintiff does not waive any objections based upon relevance, materiality, confidentiality, privilege, and immunity from disclosure or other grounds.

## FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A) INITIAL DISCLOSURES

**(i)** The name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

| NAME | KNOWLEDGE |
|---|---|
| **Dr. Susan De Sessa**<br><br>1433 Amber Court<br>Burleson, TX 76028<br>(361) 228-5600 | Plaintiff |

Plaintiff will supplement if necessary. Plaintiff also reserves the right to elicit, by way of cross-examination, testimony from persons with knowledge of relevant facts designated and called by other parties to this lawsuit, if any, and reserve the right to call as witnesses associated with

adverse parties any of the persons identified by any party to this lawsuit.

**(ii)** a copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

**RESPONSE:**

Plaintiff will send written discovery requests to Defendant. The following are the categories of documents Plaintiff currently has in its possession, custody or control: (1) HR Documents; (2) Emails; (3) Photographs of non-compliance; (4) audio recordings and transcripts of select audio recordings; (5) Award from Hospital Sheriff's Department; (6) Accommodation documentation and (7) Group One documentation.

**(iii)** A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying under rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**RESPONSE:**

Plaintiff claims the following damages:

*Back pay:*

The Plaintiff was earning $35.45/hr, $73,736/year for 5 years (since November 2014). Two times back pay is $737,360.

*Interest on back pay*

Interest at the highest lawful legal interest rate allowed by law.

**(iv)** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Please see defendant's disclosure for this information.